UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVEN RAY MYERS,

    Plaintiff,

v.                                                                          CAUSE NO. 3:19-CV-840-DRL-MGG

B. HOLCOMB, *et al.*,

    Defendants.

## OPINION AND ORDER

Steven Ray Myers, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Myers describes various conditions of his confinement at the Marshall County Jail, including lack of sanitation, lack of access to showers and television, and placement in segregation. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action

is punishment." *Id.* "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Though Mr. Myers names several defendants, he does not describe how they violated his constitutional rights or how they were personally involved with his claims. Therefore, he may not proceed on this complaint.

Nevertheless, Mr. Myers may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Steven Ray Myers until **December 2, 2019** to file an amended complaint; and

(2) CAUTIONS Steven Ray Myers that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

November 5, 2019              *s/ Damon R. Leichty*
                              Judge, United States District Court